United States District Court
Southern District of Texas
**ENTERED**
September 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IBUKUN OLUWA WASHINGTON, TDCJ #1941101, | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. H-17-2129 |
| BRIAN COLLIER, *et al.*, | § § § § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

The plaintiff, Ibukun Oluwa Washington (TDCJ #1941101), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Washington has filed a complaint under 42 U.S.C. § 1983, concerning the conditions of his confinement. Because he is incarcerated, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss this case if it if frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

## I. BACKGROUND

Washington is currently incarcerated at a prison facility in Dalhart, Texas.[1] Washington sues three prison officials or administrators who are employed by TDCJ in Huntsville, including: (1) TDCJ Executive Director Brian Collier; (2) Correctional Institutions Division Director Lorie Davis; and (3) a "Jane Doe" defendant who is described as "Head Manager of the Inmate Trust Fund."[2]

Washington has provided a detailed chronology of his claim, which concerns money that was taken from his inmate trust fund account.[3] On June 28, 2016, Washington sent an I-60 official request form to the Inmate Trust Fund in Huntsville because his trust fund account statement showed a balance of $32.78, but the unit commissary showed a balance of $0.00.[4] Eventually, Washington was advised that there was a "hold" on his account in the amount of $32.78 for "E-comm products" that were purchased on his behalf by someone named "V. Mulligan," who had contacted the prison and wanted her money back.[5] Washington maintains that he does not know

---

[1] Complaint [Doc. # 1], at 3.

[2] *Id.*

[3] Statement of Claim [Doc. # 1], at 5-7.

[4] *Id.* at 5.

[5] *Id.* at 5-6. "E-Comm" refers to an online program known as eCommDirect that allows friends and family members to make purchases from the prison commissary on behalf of
(continued...)

any V. Mulligan, or received any commissary products from her, and that the hold has prevented him from making purchases from the commissary on his own behalf.[6] Alleging that $32.78 has been wrongfully taken from his inmate trust fund account without due process, Washington seeks compensatory, punitive, and nominal damages from the defendants.[7]

## II. DISCUSSION

Washington contends that $32.78 was "stolen" from his inmate trust fund account and he accuses the defendants of "theft."[8]  "A prisoner has a protected property interest in the funds in his prison account." *Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) (per curiam). The Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). To the extent that Washington blames the defendants for the theft of funds from his inmate trust account, the

---

[5](...continued)
eligible inmates. *See* "e-CommDirect - Offender Commissary Purchases," available at: http://www.tdcj.texas.gov/faq/faq_ecomm.html (last visited September 26, 2017).

[6]  Statement of Claim [Doc. # 1], at 5-6.

[7]  *Id.* at 6-7.

[8]  I-60 Official Request Form dated August 4, 2016 [Doc. # 1-1], at 9;  Step One Grievance #2017000100 [Doc. # 1-1], at 14.

3

Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or an actionable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984).

Texas provides a remedy for inmates whose property has been taken in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Because Texas provides an adequate post-deprivation remedy, Washington's claim that his funds were wrongfully taken has no basis in federal law. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Accordingly, the complaint will be dismissed as legally frivolous. *See id.*; *see also Nelson v. Director, Texas Dep't of Crim. Justice*, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (unpublished) (holding that the both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous").

### III. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice as legally frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: (512) 936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on <u>September 27</u>, 2017.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE